NO. 07-06-0417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 6, 2006
_____

ESEQUIEL GARCIA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408683; HONORABLE CECIL PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Esequiel Garcia, Jr., seeks to appeal his conviction for the offense of Retaliation, enhanced by two prior felony convictions. We dismiss the appeal for want of jurisdiction.

On April 19, 2005, a jury returned a verdict finding appellant guilty of the offense of Retaliation. The trial court found that the allegations of two prior felony convictions were true. On May 2, 2005, the trial court imposed a sentence of ten years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

On September 20, 2006, appellant filed Notice of Appeal. The trial court has certified that appellant has the right to appeal.

The Rules of Appellate Procedure do not establish the jurisdiction of courts of appeals, but do provide procedures which must be followed to invoke a court's jurisdiction over a particular appeal. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist and the appeal will be dismissed for lack of jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000); Olivo, 918 S.W.2d at 523.

If an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Texas Rule of Appellate Procedure 26.2 requires a notice of appeal be filed within 30 days after sentence is imposed or within 90 days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a).

In the present case, even assuming that appellant timely filed a motion for new trial, his notice of appeal would have been due by August 1, 2005. Thus, appellant's notice of appeal was filed over a year after the last possible due date and is untimely. Appellant's failure to timely file notice of appeal prevents this court from having jurisdiction over the

appeal.  Accordingly, the appeal is dismissed for want of jurisdiction.[1]  TEX. R. APP. P. 39.8, 40.2, 43.2(f).


Mackey K. Hancock
Justice


Do not publish.

---

[1] Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals.  See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex.Crim.App. 1991).